# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JACK MORRISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-20-846-SM** |
| **KILOLO KIJAKAZI,** | ) | |
| **ACTING COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Jack Morrison (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under Title XVI of the Social Security Act. Doc. 1.[1] *See* 42 U.S.C. § 405(g). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 18, 19.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings. After a careful review of the AR, the parties' briefs, and the relevant authority, the Court agrees the Administrative Law Judge (ALJ) erred in picking and choosing evidence and reverses the

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

Commissioner's decision and remands the case for further consideration consistent with this order. *See* 42 U.S.C. § 405(g).

## I.  Administrative determination.

### A.  Disability standard.

The Social Security Act defines a disabled individual as a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.  Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C.    Relevant findings.

#### 1.    Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 18-26; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)    had not engaged in substantial gainful activity since his alleged onset date of July 29, 2017;

(2)    had the following severe impairments: depressive disorder; substance abuse disorder; left-shoulder post-traumatic osteoarthritis; status post-arthroscopic surgery in 2016; and osteoarthritis of the knees;

(3)    had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)    had the residual functional capacity[2] (RFC) to perform medium work except he can perform simple, routine, and repetitive tasks;

(5)    was not able to perform his past relevant work;

(6)    was able to perform unskilled jobs that exist in the national economy, such as a hospital cleaner, a hospital food service worker, and a salvage laborer, each medium in exertional level and unskilled; and so,

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

(7)   had not been under a disability from July 29, 2017, through August 26, 2019.

AR 19-26.

## 2.   Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 6-11, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.   Judicial review of the Commissioner's final decision.

### A.   Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

**B.** **Issues for judicial review.**

Plaintiff claims the ALJ "engaged in impermissible picking and choosing evidence" when considering (1) the functional capacity evaluation (FCE); (2) Dr. Benjamin Panter's opinion; and (3) the non-opinion evidence. Doc. 26, at 3-16.

## III.   Substantial evidence does not support the ALJ's decision.

The ALJ found Plaintiff's September 14, 2016 FCE "persuasive and considered [it] in the [RFC she] provided." AR 23. That evaluation found Plaintiff could occasionally lift up to 40 pounds, carry up to 30 pounds, push 81.67 pounds, and pull 111.67 pounds. *Id.* at 402. He could constantly sit, occasionally stand, walk, reach at desk level, and reach overhead. *Id.* at 404.

In reviewing the FCE and explaining his opinion, Dr. Panter noted Plaintiff "did have some problems regarding his overall cardiovascular health regarding blood pressure and heart rate issues during the testing itself . . . ." *Id.* at 417. He encouraged Plaintiff to see his primary care physician for these issues. *Id.* Dr. Panter concluded Plaintiff "qualified [for] essentially a medium-level physical demand according to the United States Department of Labor Standards . . . ." *Id.*[3] In the work status report, Dr. Panter noted Plaintiff had reached maximum medical improvement related to his left shoulder injury. *Id.*

---

[3]      For Social Security purposes, medium work has the same meaning as for the Department of Labor. 20 C.F.R. §§ 404.1567, 416.967.

at 419. He noted Plaintiff had limited use of his left arm but could push or pull up to one-hundred pounds and lift or carry up to forty pounds. *Id.* He stated plaintiff "qualifies for medium level duty." *Id.*

The ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)" for claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *Id.* §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of the treatment relationship, frequency of examinations, purpose and extent of the treatment relationship, and examining relationship), (iv) specialization, and (v) "other factors that tend to support or contradict a medical opinion or prior administrative finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). *Id.* §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors and the ALJ must explain how both factors were considered. *See id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ need not explain how the other factors were considered. *Id.* But when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are

different but equally well supported and consistent with the record, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. *Id.* §§ 404.1520c(b)(3), 416.920c(b)(3).

The ALJ found the FCE persuasive. The Commissioner concedes the ALJ's evaluation of Dr. Panter's opinion reviewing the FCE was deficient. Doc. 29, at 6.[4] Not only did the ALJ not address the supportability and consistency of either the FCE or the opinion, but she also failed to incorporate Dr. Panter's forty-pound lifting and carrying restriction into the RFC assessment. *Id.* The Commissioner argues any error is harmless, noting that because the FCE was incomplete, it was "not fully probative of RFC." *Id.* at 7-8. Because the FCE shows only observations from an incomplete evaluation, the Commissioner continues, it did not "accurately predict [Plaintiff's] functional aerobic capacity." *Id.* at 8 (quoting AR 402) (internal quotation marks omitted).

The regulations discussed above require the ALJ to explain how persuasive she found the medical opinions she considered and, as part of that explanation, also require her to specifically discuss the supportability and consistency factors. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The supportability factor examines how well a medical source supported their own

---

[4]      The Commissioner also concedes the ALJ failed to assess the supportability or consistency of state agency physician Dr. Myron Watkins's opinion. Doc. 29, at 6.

opinion with "objective medical evidence" and "supporting explanations." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). The ALJ ignored this factor completely. Likewise, the consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record, *id.* §§ 404.1520c(c)(2), 416.920c(c)(2), which the ALJ also ignored.

As to Dr. Panter's restriction to lifting and carrying no more that forty pounds, the Commissioner argues the outcome would have been the same "even if the ALJ had found Plaintiff as limited as Dr. Panter opined." Doc. 29, at 6. Such a restriction would "reduce[] Plaintiff's RFC to light" work, and the vocational expert testified 1.924 million light unskilled retail and fast-food jobs exist in the national economy. *Id.* at 6-7 (citing *Lane v. Colvin*, 643 F. App'x 766, 770 (10th Cir. 2016)).

Plaintiff argues the FCE also contained positional tolerances, such as limitations to "occasionally stand, walk, reach at desk level, and reach overhead." Doc. 26, at 6. The ALJ included the manipulative limitation of occasionally reaching overhead. AR 54-55. Plaintiff argues all the jobs the vocational expert identified (even those for light work) require at least frequent reaching, which may conflict with the FCE's limitation to reaching occasionally at desk level. Doc. 26, at 9-10; DICOT 299.677-010, 1991 WL 672643; DICOT 209.587-034, 1991 WL 671802; DICOT 311.472-010, 1991 WL 672682; DICOT 929.687-022, 1991 WL 688172; DICOT 323.687-010, 1991 WL 672782; DICOT

319.677-014, 1991 WL 672771. The Court agrees it cannot "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)).

The ALJ's decision is rife with conflict. She found the FCE persuasive, noting the RFC assessment "considered" it. AR 23. But the ALJ neither stated whether Dr. Panter's opinion was persuasive, nor did she explain that opinion's supportability or consistency. *Id.*

She did find persuasive Dr. S.A. Chaudry's June 2019 opinion limiting Plaintiff to medium work. *Id.*; *id.* at 771-77. Dr. Chaudry found Plaintiff had "painful range of motion" for his shoulders, and noted the left shoulder rotation was "painful," but assessed no deficiency. *Id.* at 773, 775. He assessed no upper body passive range of motion limitations. *Id.* at 774-77.

But to rely on Dr. S.A. Chaudry's opinion as substantial evidence supporting the ALJ's decision would be a post-hoc rationalization. An ALJ may not "pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability," without explaining her reasoning. *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007). This Court evaluates the ALJ's decision based solely on the reasons stated in the decision. *See Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168-69 (1962).

"Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen,* 357 F.3d at 1142.

While "an ALJ is not required to discuss every piece of evidence," she must "discuss the uncontroverted evidence [she] chooses not to rely upon, as well as significantly probative evidence [she] rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996); *see also* 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3) ("We will consider all evidence in your case record . . . ."). Because the ALJ failed to properly evaluate Dr. Panter's opinion along with the other medical evidence, this Court is unable to adequately review her decision. *Cf. Guice v. Comm'r*, 785 F. App'x 565, 575 (10th Cir. 2019) ("Without this explanation, we cannot meaningfully review the ALJ's weighing of these medical opinions to determine if her reasons for rejecting the opinions of [claimant's] treating psychiatrists and adopting the state-agency psychologists' opinions are supported by substantial evidence and whether she applied the correct legal standards in arriving at these conclusions."); *see also Cira v. Colvin*, 67 F. Supp. 3d 1206, 1210 (D. Colo. 2014) (noting that the court "is neither required—nor, indeed, empowered—to parse through the record to find specific support for the ALJ's decision," explaining that "generalized, global references to the record make the ALJ's opinion nearly impossible to review,

and certainly do not constitute substantial evidence in support of the Commissioner's disability determination").[5]

## IV.  Conclusion.

Based on the above, the Court reverses the Commissioner's decision and remands for further proceedings.

**ENTERED** this 5th day of January, 2022.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[5]    The Court declines to address Plaintiff's remaining objections to the ALJ's decision "because they may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).